JURY GARDNER

Jason L. Solotaroff (JS-5739)
GISKAN SOLOTAROFF
  ANDERSON & STEWART LLP
11 Broadway, Suite 2150
New York, NY 10004
T: (212) 847-8315
F: (646) 520-3235
jsolotaroff@gslawny.com
*Attorneys for Plaintiff*

**10 CIV 0782**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TILACKDHARIE MALCHAND,

          Plaintiff,

          v.

GENERAL NUTRITION CENTERS, INC.,

          Defendant.

------------------------------------------------------------x

RECEIVED
FEB 02 2010
U.S.D.C. S.D. N.Y.
CASHIERS

**COMPLAINT**

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.    This is an action for employment discrimination based on race in violation of The Civil Rights Laws of 1866, as amended, 42 U.S.C. §1981, and the New York City anti-discrimination laws.

## JURISDICTION

2.    This Court has jurisdiction over this action based on the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.*

3.    This Court also has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343.

4.     This Court has jurisdiction over the claims under New York City Law pursuant to 28 U.S.C. §1367.

5.     Venue is properly before this Court pursuant to 28 U.S.C. §1391(b) and (c) and 42 U.S.C. §2000e-5(f)(3).

## THE PARTIES

6.     Plaintiff, Tilackdharie Malchand, is an Asian male of Guyanese national origin, residing in Hollis, New York.

7.     Defendant, General Nutrition Centers, Inc. (hereinafter referred to as "GNC"), is a corporation organized under the laws of Delaware.  GNC has its principal place of business at 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

8.     At all relevant times, GNC has stores in the Southern District of New York and Mr. Malchand was substantially employed in the Southern District of New York.

## THE FACTS

9.     In December 1985, Mr. Malchand was hired as a sales associate for GNC, a retailer of health and nutrition related products.  Approximately one year later, in 1986, he was promoted to assistant store manager.  Approximately two years later, in 1988, he was promoted to store manager.

10.     Since 1988, Mr. Malchand's work performance has been more than satisfactory. Mr. Malchand has won numerous awards from GNC relating to his performance and the performance of the stores he managed.

2

11.    GNC has demonstrated race consciousness in its staffing decisions.  Neil Blitzer, who was GNC's Regional Sales Manager until September 2009, repeatedly expressed a preference for Hispanic employees to work in the stores.

12.    GNC manifested its race consciousness in a variety of ways.  On December 2, 2008, Mr. Blitzer wrote in Mr. Malchand's annual review that Mr. Malchand had failed to attract the right "type" of employee to work in the "area" of the store.  Mr. Blitzer repeatedly pressured Mr. Malchand to hire Hispanic employees.

13.    In addition, GNC made a number of personnel decisions that favored employees of Hispanic descent and disfavored employees of Indian descent.   For example, GNC provided more hours of work for Hispanic employees and reduced the hours of Indian employees.

14.    In September 2009, Mr. Malchand was transferred from a relatively well-performing GNC store on Third Avenue to a relatively poorly performing store on 23rd Street that GNC intended to close.  The Hispanic manager of the 23rd Street store, who presumably had some responsibility for the poor performance, was inexplicably rewarded with a transfer to the Third Avenue store.

15.    Shortly after Mr. Malchand's transfer to the 23rd Street store, another Indian employee, Maharani Ragnauth was also transferred from the Third Avenue store to the 23rd Street store.

16.    Moreover, GNC favored the Hispanic manager by adding forty (40) additional work hours to the Third Avenue store after the transfer.

3

17.     Since a store manager's compensation is based, in part, on the store's performance, the transfer of Mr. Malchand resulted in a significant decrease in his total compensation.

18.     In November 2009, GNC terminated Mr. Malchand's employment.

19.     According to Dino Lopez, the Regional Sales Manager who terminated Mr. Malchand, the decision to terminate him "came down" from Neil Blitzer, who Dino Lopez replaced on or about September 2009.

20.     Mr. Malchand has been unable to find comparable employment.

21.     As a proximate result of Defendant's racial discrimination against him, Mr. Malchand has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

22.     As a further proximate result of Defendant's actions, Mr. Malchand has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, distress, and other incidental and consequential damages and expenses.

23.     The conduct of Defendant was outrageous and malicious, was intended to injure Mr. Malchand, and was done with conscious disregard of Mr. Malchand's civil rights, entitling him to an award of punitive damages.

## FIRST CLAIM FOR RELIEF

24.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

4

25.    GNC willfully and intentionally discriminated against Mr. Malchand in the terms and conditions of his employment, and harassed, intimidated, retaliated against and ultimately discharged him on account of his race, all in violation of 42 U.S.C. §1981.

## SECOND CLAIM FOR RELIEF

26.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

27.    Defendant discriminated against Mr. Malchand in compensation and in the terms, conditions and privileges of employment on account of his race, in violation of New York City Administrative Code §8-107.

**WHEREFORE**, Plaintiff demands judgment:

A.    Requiring Defendant to reinstate Plaintiff to the position he held prior to discharge, with all employee benefits incidental thereto;

B.    Enjoining Defendant, upon Plaintiff's reinstatement, from discriminating against Plaintiff on the basis of race, in the terms and conditions of his employment;

C.    Awarding back pay, equivalent to Plaintiff's salary from November 2009 and each month thereafter until reinstatement, with interest from November 2009;

D.    Awarding Plaintiff compensatory damages, including but not limited to damages for emotional distress;

E.    Awarding Plaintiff punitive damages;

F.    Awarding reasonable attorneys' fees, costs and expenses; and

G.    Granting such other and alternative relief as the Court may deem just and equitable.

JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.


Dated:  New York, New York
         February 2, 2010


                              GISKAN SOLOTAROFF
                              ANDERSON & STEWART LLP

                  By:         _____
                              Jason L. Solotaroff (JS-3739)
                              11 Broadway, Suite 2150
                              New York, NY 10004
                              T: (212) 847-8315
                              F: (646) 520-3235
                              jsolotaroff@gslawny.com
                              *Attorneys for Plaintiffs*

6